IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBRITTON PROPERTIES and JANICE ALBRITTON, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. |
| v. | § § | 3:04-CV-2531-P |
| AMERICAN EMPIRE SURPLUS LINES, INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Plaintiffs' Motion to Dismiss Defendant's Counterclaim as Untimely Filed, or, in the Alternative, for Failure to State a Claim, filed March 8, 2005. Defendant filed its Response and Motion for Leave to Amend on March 16, 2005, and Plaintiffs filed their Reply on March 24, 2005. After considering the parties' briefs and arguments, as well as the applicable law, the Court GRANTS Plaintiffs' Motion to Dismiss Defendant's Counterclaim for Failure to State a Claim.

### Background Facts and Procedural History

Janice Albritton owns several properties in full or in part under the assumed name Albritton Properties. (Pls.' First Am. Compl. at 1.) Both Albritton and Albritton Properties are the Plaintiffs in this suit. *Id.* American Empire Surplus Lines Insurance Company ("Defendant") issued several insurance policies on one of Plaintiffs' properties, Arawak-Granada Apartments

(the "Property").  (Def.'s Answer to Pls.' First Am. Compl. & Countercl. at 1 [hereinafter "Def.'s Answer & Countercl."].)  This opinion addresses a dispute involving policy number 4 CP 18889 (the "Policy"), which covers June 1, 2004 to June 1, 2005.  *Id.*

On June 1, 2004, a severe thunderstorm damaged the Property's exterior.  (Def.'s Answer & Countercl. at 8.)  The Property also sustained interior damages because the shingles had been removed while the roofs were being replaced, and water entered through the exposed decking.  *Id.*  Plaintiffs also claim lost business income due to the damages.  *Id.*

Plaintiffs notified Defendant of the loss on June 7, 2004, and sought recovery for the exterior and interior damages as well as the lost business income.  (Def.'s Answer & Countercl. at 3; Pls.' First Am. Compl. at 4.)  In response, Defendant sent out a reservation of rights letter on June 11, 2004.  (Def.'s Answer & Countercl. at 3.)  Plaintiffs thereupon filed a sworn proof of loss on August 25, 2004, but Defendant denied their claim on September 14, 2004.  *Id.*

Plaintiffs subsequently filed suit on October 15, 2004, in the 298th District Court of Dallas County, TX, cause no. 04-10563-M.  (Pls.' Orig. Pet. at 1.)  On November 23, 2004, Defendant removed the suit to this Court on the basis of diversity of citizenship pursuant to 23 U.S.C. § 1332(a)(3).  (Def.'s Notice of Removal at 1-2.)

Plaintiffs filed their First Amended Complaint in this Court on the pleading amendment deadline of February 18, 2005.  (Def.'s Resp. Pls.' Mot. Dismiss Def.'s Countercl. at 1 [hereinafter "Def.'s Resp."].)  Plaintiffs assert claims for breach of contract and violation of Article 21.55 of the Texas Insurance Code for Defendant's alleged failure to pay for the damages and lost business income.  (Pls.' First Am. Compl. at 5-9.)  Plaintiffs also bring several other

claims for deceptive trade practices and violations of the duties of good faith and fair dealing.  *Id.*

Defendant subsequently filed its Answer to Plaintiffs' First Amended Complaint and Counterclaim for Declaratory Judgment on February 28, 2005, ten days after the pleading amendment deadline.  (Def.'s Resp. at 1.)  In its Answer, Defendant sets forth three affirmative defenses.  (Def.'s Answer & Countercl. at 5-6.)  First, it asserts that the Policy it issued to Plaintiffs does not provide coverage for the interior damages sustained on June 1, 2004.  *Id.* at 5.  Second, Defendant claims the Policy likewise does not cover Plaintiffs' lost business income that resulted from the damages.  *Id.*  Defendant's third affirmative defense asserts that although the Policy does in fact provide coverage for the exterior damages, those damages did not meet the Policy's deductible.  *Id.* at 6.

In its Counterclaim, Defendant seeks a declaratory judgment pursuant to Texas Civil Practice and Remedies Code § 37.00 *et seq*.  (Def.'s Answer & Countercl. at 7.)  First, it requests the Court to declare that the Policy's limiting provisions exclude coverage for the interior damages.  *Id.* at 10-11.  Second, Defendant asks the Court to declare that the Policy likewise excludes any coverage for Plaintiffs' alleged lost business income.  *Id.*  Although Defendant originally sought attorney's fees as well under the counterclaim, it withdrew that claim.  *Id.* at 4.

On March 8, 2005, Plaintiffs filed a Motion to Dismiss Defendant's Counterclaim as Untimely Filed, or, in the Alternative, for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant filed its Response and Motion for Leave to Amend on March 16, 2005, and Plaintiffs filed their Reply on March 24, 2005.  The Court first considers Plaintiffs' alternative contention that Defendant's counterclaim should be dismissed for failure to

state a claim.

<div style="text-align:center;">Rule 12(b)(6) Legal Standard</div>

Rule 12(b)(6) authorizes dismissal of a pleading for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim is viewed with disfavor and should rarely be granted. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Such a motion should be granted only if it appears beyond doubt that the nonmoving party could prove no set of facts in support of its claims that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994).

In determining whether dismissal should be granted, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the party against whom dismissal is sought. *See Capital Parks, Inc. v. Southeastern Adver. and Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). The Court limits its inquiry to whether the nonmoving party is entitled to offer evidence to support its claims and does not address whether the party will ultimately prevail on the merits. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). Dismissal is proper when "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the [moving party] to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

<div style="text-align:center;">Defendant's Counterclaim for Declaratory Judgment</div>

Generally, a declaratory judgment is unavailable to resolve disputes already pending

before the court. *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990). However, a defendant's counterclaim for declaratory judgment may be proper if it has greater ramifications than the original suit. *Id.* at 842. In other words, the counterclaim must do more than merely deny the plaintiff's claim; it must instead seek affirmative relief. *Id.* A counterclaim constitutes a claim for affirmative relief if the defendant asserts that it has an independent cause of action, such that even if the plaintiff abandoned or failed to establish its cause of action, the defendant could still recover benefits, compensation, or relief on the counterclaim. *Id.* at 841; *Howell v. Mauzy*, 899 S.W.2d 690, 706 (Tex. App.–Austin 1994, writ denied). Thus, a defendant's declaratory judgment counterclaim must do more than simply restate its defenses to the plaintiff's cause of action. *BHP Petroleum*, 800 S.W.2d at 842.

The Court finds that because a declaratory judgment is unavailable to settle the matters on which Defendant seeks declaration, the counterclaim fails to state a claim upon which relief can be granted. First the parties' dispute regarding their rights and obligations under the Policy is already pending before the Court. In their pleadings, Plaintiffs claim a right to payment under the Policy for the damages and lost business income. Defendant, however, responds in its affirmative defenses that it has no duty under the Policy to cover those losses. The Court, therefore, must establish the parties' rights and duties under the Policy in order to settle the breach of contract cause of action. Thus, this dispute is already pending before the Court.

Furthermore, the Court finds no evidence that Defendant's counterclaim for declaratory judgment would have greater ramifications than the original suit. Defendant makes no showing that its counterclaim is an independent action that would entitle it to affirmative relief. Although

Defendant attempts to distinguish the declaratory judgment counterclaim from Plaintiffs' bad faith claims, it still fails to establish that the counterclaim is independent of Plaintiffs' breach of contract claim. (Def.'s Answer & Countercl. at 4.) Thus, Defendant has failed to show that it could recover benefits, compensation, or other relief on the counterclaim even if Plaintiffs failed to establish their breach of contract cause of action.

Moreover, the two grounds on which Defendant requests declaratory judgment are essentially identical in substance to two of its three affirmative defenses. In addressing the parties' pleadings, the Court must necessarily determine the parties' rights and duties under the Policy in order to decide the breach of contract action. As such, a declaratory judgment would simply duplicate this determination. Thus, Defendant's declaratory judgment counterclaim merely restates its defenses and has no greater ramifications than the original suit. Accordingly, a declaratory judgment is unavailable to settle the dispute over the parties' rights and duties under the Policy, and the Court GRANTS Plaintiffs' Motion to Dismiss Defendant's Counterclaim for Failure to State a Claim.

The Court, therefore, does not reach the first ground on which Plaintiffs seek dismissal of the counterclaim for untimely filing.

**IT IS SO ORDERED.**

Signed this 25th day of April 2005.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE